IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

LUIS O. BURGOS-DIAZ, #23485-069       *

    Petitioner,       *

        v.       * CIVIL ACTION NO. 2:04-CV-250-F

UNITED STATES OF AMERICA, *et al*.,       *

    Respondents.       *

_____

### RECOMMENDATION OF THE MAGISTRATE JUDGE

This 28 U.S.C. § 2241 action was filed on March 12, 2004. Petitioner filed this habeas corpus application seeking to compel the Bureau of Prisons to release him to a Community Confinement Center ("CCC") for service of the last six months of his prison term.[1] Petitioner requested that service of the last six months of his sentence be carried out at a community based facility pursuant to Bureau of Prisons' policy concerning CCC placement as such policy existed prior to December 16, 2002.

On February 3, 2005 the court entered an order directing the parties to show cause why the application for habeas relief should not be dismissed as moot since the court's file reflected that Petitioner was no longer in the custody of the Maxwell Federal Prison Camp. Respondents filed a response to this order on March 3, 2005 in which they argue that since

---

[1] At the time the instant petition was filed, Petitioner was incarcerated at the Maxwell Federal Prison Camp located in Montgomery, Alabama. He was released from the Maxwell Federal Prison Camp to the custody of Hogar Crea Halfway House in St. Just, Puerto Rico on January 25, 2005. (Doc. No. 16, Exh. A.)

Petitioner "has been released from custody . . . the petition in this matter is due to be and should be dismissed as moot." (Doc. No. 16, pg. 2.)  Petitioner has filed nothing in response to the February 3, 2005 order.

## DISCUSSION

Courts do not sit to render advisory opinions.  *North Carolina v. Rice*, 404 U. S. 244, 246 (1971).  An actual controversy must exist at all times when the case is pending.  *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974).  In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot.  *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome.  *Weinstein v. Bradford*, 423 U.S. 147 (1975).  Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies."  Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court.  *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id.*

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted).

Petitioner's ultimate objective in filing this action was to be released to a community based facility for service of the last six months of his prison term. Since he has been released from custody, there is no longer a case or controversy to litigate. *United States ex rel. Graham v. United States Parole Comm'n*, 732 F2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant 28 U.S.C. § 2241 petition for habeas relief be dismissed as moot since a more favorable decision on the merits would not entitle Petitioner to any additional relief.

It is further

ORDERED that the parties shall file any objections to the said Recommendation within a period of 13 days from the date of mailing or transmittal to them. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 7th day of March, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE